1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL MOOTRY,                          1:09-cv-01252-LJO-BAM (PC)

12              Plaintiff,
                                              ORDER DENYING MOTION REQUESTING
13        v.                                  APPOINTMENT OF COUNSEL
                                              (ECF No. 74)
14   E. G. FLORES, et al.,

15              Defendant.

16

17        Plaintiff Michael Mootry ("Plaintiff") is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 30, 2013, Plaintiff

19   filed the instant motion seeking the appointment of counsel.  Plaintiff does not have a

20   constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525

21   (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28

22   U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa,

23   490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances

24   the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand,

25   113 F.3d at 1525.

26        Without a reasonable method of securing and compensating counsel, the court will seek

27   volunteer counsel only in the most serious and exceptional cases.  In determining whether

28   "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

                                              1

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Although Plaintiff asserts that he is unable to handle his own representation because he is in a psychiatric service unit and taking psychotropic medication, Plaintiff has not provided factual evidence to support this assertion. Plaintiff also claims that he only has "moments of clarity," but his moving papers are clear, concise and adequately articulate his position. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

To the extent Plaintiff seeks counsel because of limited access to his legal work or other property, this is not a sufficient basis for appointment of counsel. If Plaintiff requires additional time for research or access to his materials, Plaintiff may request appropriate extensions of any relevant, pending court deadlines.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   __January 3, 2014__          ___/s/ Barbara A. McAuliffe___
                                       UNITED STATES MAGISTRATE JUDGE

2