UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOOTRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. G. FLORES, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-01252-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 84) |

**I.     Background**

Plaintiff Michael Mootry ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Hedgpeth, Flores, Wegman, Lewis and Cabrera for violations of the Free Exercise Clause of the First Amendment.

On January 22, 2014, the Court modified the Scheduling Order in this matter and extended the discovery deadline to March 9, 2014. The dispositive motion deadline remained March 31, 2014.

On March 7, 2014, Defendants sought to modify the discovery and scheduling order and extend the dispositive motion deadline to May 30, 2014, in order to permit defense counsel additional time to complete a motion for summary judgment. (ECF No. 81-1, pp. 3, 5-6.) Plaintiff did not oppose the modification and concurrently requested that the Court reset the discovery deadline for

forty-five days after the dispositive motion deadline. He also requested permission to file motions to compel and motions for production. (ECF No. 82.)

On March 20, 2014, the Court granted Defendants' motion to extend the dispositive motion deadline. However, the Court denied Plaintiff's request to extend the discovery deadline and file discovery motions. The Court informed Plaintiff that he was not precluded from requesting modification of the discovery and scheduling order to extend the discovery deadline. (ECF No. 83.)

On March 21, 2014, Defendants served supplemental responses to Plaintiff's discovery requests. (ECF No. 85, Declaration of Diana Chinn ("Chinn Dec.") ¶ 3.)

On April 3, 2014, Plaintiff filed the instant motion requesting modification of the discovery and scheduling order to extend the discovery deadline an additional thirty days. (ECF No. 84.) Defendants opposed the motion on April 23, 2014. (ECF No. 85.) Plaintiff did not reply and the motion is deemed submitted. Local Rule 230(l).

**II.    Discussion**

**A.  Legal Standard**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

**B.  Analysis**

Plaintiff explains that he requires an extension of the discovery deadline for three main reasons. First, Plaintiff did not have sufficient time to review Defendants' responses to production, which he received on March 6, 2014, before the discovery deadline of March 9, 2014. Plaintiff complains that Defendants did not send him the requested documents, but sent him either irrelevant material or no material. Second, for some reason, Plaintiff's requests for production numbers 1-3 and 16 were not mailed to defense counsel when Plaintiff sent his requests for production on January 20, 2014. Plaintiff requires this information to prepare for trial. Third, and finally, Plaintiff does not have

2

his legal documents and property, which are necessary both to prepare his case and to comply with the continuing production agreement reached with defense counsel.

Defendants counter that Plaintiff has failed to establish the requisite good cause to modify the scheduling order and that Plaintiff has not demonstrated due diligence. Although Defendants acknowledge that they served Plaintiff with discovery requests on March 6, 2014, Defendants note that discovery opened on May 22, 2013, and that Plaintiff previously requested an extension of the discovery deadline. Defendants argue that Plaintiff could have propounded discovery requests nearly eleven months earlier, but did not serve any requests until January 20, 2014. Defendants also counter that Plaintiff's request for an additional thirty-days to serve further discovery requests is futile because such requests must be served forty-five days before the discovery deadline and Defendants would not have sufficient time to respond.

Having considered the parties' arguments, the Court finds good cause to modify the discovery and scheduling order in this matter. After service of Defendants' discovery responses on March 6, 2014, Plaintiff attempted to extend the discovery deadline on March 17, 2014. The Court denied his request on March 20, 2014, but permitted him to file the instant motion to modify the discovery and scheduling order. Plaintiff promptly moved to modify the discovery order on April 3, 2014. There is no indication that Plaintiff delayed his discovery efforts after receiving Defendants' responses to his requests for production. The Court recognizes that discovery in this matter opened on May 22, 2013. However, Plaintiff's discovery requests were timely served before the discovery deadline and he has been diligent in pursuing discovery since that time. Accordingly, Plaintiff's motion to modify the discovery and scheduling order to extend the discovery deadline shall be granted. The Court finds it appropriate to extend the discovery deadline an additional sixty (60) days to allow Plaintiff to serve his requests for production of documents and to file any necessary motions to compel production. The dispositive motion deadline will be extended a corresponding sixty (60) days.

### III. Conclusion and Order

Good cause appearing, Plaintiff's motion to modify the discovery and scheduling is GRANTED. Fed. R. Civ. P. 16(b)(4). The discovery deadline is extended sixty (60) days from the date of service of this order. The dispositive motion deadline is extended to a date sixty (60) days

after the discovery deadline.  No further modifications of the discovery and scheduling order shall be permitted without good cause.

IT IS SO ORDERED.

Dated:   **May 14, 2014**               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

4