UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOOTRY, | Case No.: 1:09-cv-01252-LJO-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY |
| v. | |
| E. G. FLORES, et al., | (ECF No. 87) |
| Defendants. | |

**I.     Background**

Plaintiff Michael Mootry ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Hedgpeth, Flores, Wegman, Lewis and Cabrera for violations of the Free Exercise Clause of the First Amendment.

On January 22, 2014, the Court modified the Scheduling Order in this matter and extended the discovery deadline to March 9, 2014.  The dispositive motion deadline remained March 31, 2014.

On March 7, 2014, Defendants sought to modify the discovery and scheduling order and extend the dispositive motion deadline to May 30, 2014, in order to permit defense counsel additional time to complete a motion for summary judgment.  (ECF No. 81-1, pp. 3, 5-6.)  Plaintiff did not oppose the modification and concurrently requested that the Court reset the discovery deadline for

forty-five days after the dispositive motion deadline. He also requested permission to file motions to compel and motions for production. (ECF No. 82.)

On March 20, 2014, the Court granted Defendants' motion to extend the dispositive motion deadline. However, the Court denied Plaintiff's request to extend the discovery deadline and file discovery motions. The Court informed Plaintiff that he was not precluded from requesting modification of the discovery and scheduling order to extend the discovery deadline. (ECF No. 83.)

On March 21, 2014, Defendants served supplemental responses to Plaintiff's discovery requests. (ECF No. 85, Declaration of Diana Chinn ("Chinn Dec.") ¶ 3.)

On April 3, 2014, Plaintiff filed a motion requesting modification of the discovery and scheduling order to extend the discovery deadline an additional thirty days. (ECF No. 84.) On May 14, 2014, the Court granted Plaintiff's request and extended the discovery deadline an additional sixty (60) days to allow Plaintiff to serve his requests for production of documents and to file any necessary motions to compel production. The dispositive motion deadline was extended a corresponding sixty (60) days. (ECF No. 86.)

On June 2, 2014, Plaintiff filed the instant motion for an order compelling further responses to certain requests for production of documents. Fed. R. Civ. P. 37(a). Defendants opposed the motion on June 16, 2014. Plaintiff did not timely reply and the motion is deemed submitted. Local Rule 230(l).

**II.     Motion to Compel**

    **A.     Request for Production of Documents**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or any designated tangible things. Fed. R. Civ. P. 34(a)(1)(A), (B) (quotation marks omitted).

    **B.     Discussion**

Plaintiff seeks to compel responses to production of document requests (PODs) 4, 5, 8, 9, 10, 12 and 15.

2

**POD 4**: "All documents as defined in Federal Rule of Civil Procedure 34(a)(1) which show, evidence or mention the required religious service quarterly reports to the Associate Warden-central operations by chaplains and Native American spiritual leaders between March, 2008 thru April, 2009."

**Response**: Despite objecting to the request as vague and ambiguous, Defendants responded that "[a]fter a reasonable and diligent search, Defendants have no responsive documents in their possession, custody, or control because no such documents exist."

**Ruling**: Plaintiff's motion to compel is denied. Defendants cannot be required to produce documents that do not exist. Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendants' response no such documents exist.

**POD 5**: "All documents as defined in Federal Rule of Civil Procedure 34(a)(1) which show, evidence or mention the staff chaplains or volunteers sign in/sign out log signatories for each day they worked and for what religious service between March, 2008 thru April, 2009."

**Response**: Despite objecting to the request as vague, ambiguous, calling for speculation and not likely to lead to the discovery of admissible evidence, Defendants produced the Volunteer & Chaplain Log Book for June 29, 2008 through January 10, 2009.

**Ruling**: Plaintiff's motion to compel is denied. Plaintiff essentially argues that Defendants failed to produce documents for the entire time period requested. However, absent any information to the contrary, Plaintiff must accept Defendants' response that they produced all "non-confidential documents in [their] possession, custody, and control that are responsive to Plaintiff's request."

**POD 8**: "All documents as defined in Federal Rule of Civil Procedure 34(a)(1) which show, evidence or mention the job title of each Defendant between March 2008 thru April 2009."

**Response**: Despite objecting to the request to the extent it sought confidential documents, Defendants produced the job descriptions for the Warden, Chief Deputy Warden, Correctional Administrator, Captain, and Community Resources Manager as of January 2014.

**Ruling**: Plaintiff's motion to compel is denied. Plaintiff argues that Defendants sent Plaintiff the job title sheets of some non-defendants dated January 2, 2014, but that this is not what he requested. Defendants represent that the job titles/descriptions they produced correspond with the job

3

1 duties of Defendants Hedgpeth, Lewis, Flores, Cabrera and Wegman.  (ECF No. 88, p. 4.)  Plaintiff
2 fails to establish that the job descriptions he received do not correspond to the positions held by
3 Defendants.  Plaintiff also fails to establish how Defendants' response was deficient.

4 **POD 9**: "All documents as defined in Federal Rule of Civil Procedure 34(a)(1) which show,
5 evidence or mention the job description of each defendant between March 2008 thru April 2009."

6 **Response:**  Despite objecting that the request was not reasonably calculated to lead to the
7 discovery of admissible evidence, Defendants produced the job descriptions for the Warden, Chief
8 Deputy Warden, Correctional Administrator, Captain, and Community Resources Manager as of
9 January 2014.

10 **Ruling**:  Plaintiff's motion to compel is denied.  Plaintiff claims that he is now seeking the job
11 description summary sheets signed and dated by each defendant during the period from March 2008
12 through April 2009.  Although Plaintiff objects to the unsigned sheets, there is no indication that
13 Defendants failed to produce responsive documents in their possession, custody and control relating to
14 the job title of each defendant.  Plaintiff fails to demonstrate how the lack of signatures renders the
15 document production insufficient.  Defendants indicate that they produced the signed sheet for
16 Defendant Wegman because it was the only one within their possession, custody or control.  There is
17 no showing that the job descriptions produced by Defendants are otherwise inadequate.

18 **POD 10**: "All documents as defined in Federal Rule of Civil Procedure 34(a)(1) which show,
19 evidence, or mention that any of the defendants has a history of unprofessionalism or has a bias of any
20 towards Muslims."

21 **Response**:  Defendants objected that this request was not reasonably calculated to lead to the
22 discovery of admissible evidence, called for protected information, presented a serious risk of harm to
23 the safety and security of the institution and called for confidential information that may violate the
24 privacy rights of third parties.  Despite the objections, Defendants assumed that Plaintiff was
25 requesting documentation in Defendants' personnel files indicating adverse employment actions taken
26 for any unprofessional or inappropriate actions towards Muslim inmates.  Defendants therefore

27
28

4

responded that after a reasonable and diligent search, they had "no responsive documents in their possession, custody, or control." (ECF No. 88-3, p. 6.)

**Ruling:** Plaintiff's motion to compel is denied. Plaintiff argues that the requested documentation is admissible, but fails to demonstrate how Defendants' response was inadequate or insufficient. The Court declines to speculate as to Plaintiff's arguments.

**POD 12:** "All documents as defined in Federal Rule of Civil Procedure 34(a)(1) which show, evidence or mention the dates that Jumu'ah services were not conducted and the reasons why between March 2008 thru April 2009."

**Response:** Defendants objected that this request was unduly burdensome. Despite this objection, Defendants initially responded as follows: "After a reasonable and diligent search, Defendants have no responsive documents in their possession, custody, or control because no such documents exist." Thereafter, Defendants discovered some tangentially-related documents and provided a supplemental response, producing non-confidential supplemental pages for all Program Status Reports (PSRs) relating to lockdowns that occurred on Yard A between March 2008 and April 2009, because the lockdowns halted the facilitation of programming, including chapel services. (ECF No. 88-4.)

**Ruling:** Plaintiff's motion to compel is denied. Although Plaintiff argues that the requested documentation is admissible, he has not demonstrated how Defendants' supplemental response and production of documents is deficient.

**POD 15:** "All documents as defined in Federal Rule of Civil Procedure 34(a)(1) which show, evidence, or mention the amount of chaplains and volunteers were contacted and/or interviewed to fill the vacant positions at K.V.S.P. between October, 2007 thru April, 2009, and what kind of chaplains they were.

**Response:** Defendants objected to the request as vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also objected that the document request called for documents protected documents and may contain confidential information that presents a serious risk of harm to the safety and security of the institution. Despite these

objections, Defendants responded as follows: "After a reasonable and diligent search, Defendants have no responsive documents in their possession, custody, or control because no such documents exist."

**Ruling:** Plaintiff's motion to compel is denied. Although Plaintiff contends that the requested documentation is admissible, he fails to demonstrate that Defendants' response is deficient. The Court cannot compel Defendants to produce documents that do not exist.

## II. Conclusion and Order

For the reasons stated, Plaintiff's motion to compel, filed on June 2, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **July 18, 2014**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE