**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MOOTRY,<br><br>    Plaintiff,<br><br>  v.<br><br>E. G. FLORES, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-01252-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S NUNC PRO TUNC MOTION TO REOPEN AND EXTEND DISCOVERY DEADLINE<br><br>(ECF No. 92) |

## I.  Procedural Background

Plaintiff Michael Mootry ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Hedgpeth, Flores, Wegman, Lewis and Cabrera for violations of the Free Exercise Clause of the First Amendment.

On January 22, 2014, the Court modified the scheduling order in this matter and extended the discovery deadline to March 9, 2014. The dispositive motion deadline remained March 31, 2014.

On March 7, 2014, Defendants sought to modify the discovery and scheduling order and extend the dispositive motion deadline to May 30, 2014, in order to permit defense counsel additional time to complete a motion for summary judgment. (ECF No. 81-1, pp. 3, 5-6.) Plaintiff did not oppose the modification and concurrently requested that the Court reset the discovery deadline for

1

forty-five days after the dispositive motion deadline.  He also requested permission to file motions to compel and motions for production.  (ECF No. 82.)

On March 20, 2014, the Court granted Defendants' motion to extend the dispositive motion deadline.  However, the Court denied Plaintiff's request to extend the discovery deadline and file discovery motions.  The Court informed Plaintiff that he was not precluded from requesting modification of the discovery and scheduling order to extend the discovery deadline.  (ECF No. 83.)

On April 3, 2014, Plaintiff filed a motion requesting modification of the discovery and scheduling order to extend the discovery deadline an additional thirty days.  (ECF No. 84.)  On May 14, 2014, the Court granted Plaintiff's request and extended the discovery deadline an additional sixty (60) days to allow Plaintiff to serve his requests for production of documents and to file any necessary motions to compel production.  The dispositive motion deadline was extended a corresponding sixty (60) days.  (ECF No. 86.)  Pursuant to the Court's order, the discovery deadline expired on July 14, 2014, and the dispositive motion deadline is August 12, 2014.

On June 2, 2014, Plaintiff filed a motion for an order compelling further responses to certain requests for production of documents.  Fed. R. Civ. P. 37(a).  Defendants opposed the motion on June 16, 2014.  (ECF No. 88.)  Plaintiff's reply was due on or before June 26, 2014.  Local Rule 230(l) (reply due seven (7) days after the opposition has been filed in CM/ECF); Fed. R. Civ. P. 6(d) (three (3) days added for service by mail).  Plaintiff did not file a timely reply.  The motion was deemed submitted and the Court denied Plaintiff's motion to compel on July 21, 2014.  (ECF No. 91.)

On July 28, 2014, Plaintiff filed the instant motion requesting that the Court reopen discovery and extend the discovery deadline an additional sixty (60) days to September 23, 2014.  (ECF No. 92.) The Court finds a response unnecessary and the motion is deemed submitted.[1]  Local Rule 230(l).

///

///

///

---

[1]     Defendants will not be prejudiced by an inability to respond as Plaintiff has failed to establish good cause to reopen discovery.

## II.    Motion to Reopen Discovery

Plaintiff seeks to reopen discovery and extend the discovery deadline in this matter.  In essence, Plaintiff's motion is a request to modify the Discovery and Scheduling Order to extend the discovery deadline.

### A.  Relevant Legal Standard

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

### B.  Discussion

Plaintiff appears to seek the reopening of discovery for two purposes:  (1) to allow him an opportunity to submit a reply in support of his motion to compel filed on June 2, 2014; and (2) to serve additional interrogatories and request for admissions.  Neither of these purposes supports the reopening of discovery.

With regard to his reply, Plaintiff reports that he completed his reply on July 8, 2014, and could not make copies of it on July 9, 2014, because the law library was closed.  (ECF No. 92, p. 3 and Ex. A.)  As noted above, however, Plaintiff's reply was due on or before June 26, 2014, well before he completed it.  Plaintiff does not explain why he did not seek an extension of time before the expiration of deadline to file his reply or why he did not seek an extension of time between the filing deadline and the Court's issuance of its order denying the motion to compel nearly a month later.  There is no evidence that Plaintiff proceeded diligently in filing a timely reply or seeking an extension of time to file a reply.

With regard to service of additional discovery, Plaintiff reports that he received three responses to his requests for production of documents in the period of time between May 14 and July 14, 2014.  Plaintiff contends that these responses were insufficient and lead to questions he needs to address via

3

1    interrogatories and admissions.  (ECF No. 92, pp. 3-4.)  Plaintiff has attached exhibits to his moving

2    papers demonstrating that Defendants submitted a second supplemental response to Plaintiff's requests

3    for production of documents on June 27, 2014, and a third supplemental response on July 14, 2014.

4    (ECF No. 92, Ex. B.)

5              The Court previously denied Plaintiff's request to compel further responses to his requests for

6    production of documents.  Plaintiff does not explain why he waited nearly a month after receiving

7    Defendants' second supplemental response to seek the reopening of discovery.  Defendants (and

8    Plaintiff) are under a continuing obligation throughout this action to supplement their responses to

9    discovery in a timely manner if they learn that a response is incomplete or incorrect.  Fed. R. Civ. P.

10   26(e).  This continuing obligation does not mandate the reopening of discovery.  Plaintiff also does not

11   identify the nature of the supplemental responses or demonstrate how they require service of

12   additional interrogatories and requests for admissions.  Plaintiff also fails to identify the proposed

13   interrogatories and requests for admissions.

14             **III.    Conclusion and Order**

15             For the reasons discussed, the Court does not find good cause to modify the scheduling order.

16   Accordingly, Plaintiff's motion to reopen discovery, filed on July 28, 2014, is HEREBY DENIED.

17

18   IT IS SO ORDERED.

19   Dated:   **July 31, 2014**                    /s/ *Barbara A. McAuliffe*

20                                                    UNITED STATES MAGISTRATE JUDGE

4